C. W. TROY *v.* THE STATE.

1. PRACTICE — FORMER ACQUITTAL.— A plea of former acquittal setting
   up facts which, if true, would constitute a bar to the prosecution,
   presents an issue for the determination of the jury under proper
   instructions, and the court erred in striking it out upon motion of
   the State.
2. SHEEP-INSPECTOR'S DUTIES.— The act of March 25, 1879, entitled
   "An act to protect the wool-growing interests of the State of
   Texas," provides for the appointment of inspectors in certain coun-
   ties, and defines their duties. Section 5 of the said act provides
   that whenever an inspection of any flock or herd of sheep is had,
   under the provisions of the act, and such inspection discloses the
   presence of "scab" or other infectious or contagious disease, it shall
   become the duty of the inspector to notify at once the owner or
   person in charge, and prescribe certain limits within which the said
   flock shall be herded until cured.
3. SAME.— Section 10 provides that "any owner or person in charge of
   sheep who shall wilfully or knowingly fail to comply with or shall
   violate any of the provisions of this act, shall be deemed guilty of
   a misdemeanor, and, upon conviction thereof, shall be fined not less
   than ten nor more than one hundred dollars." (See Rev. Stats. Ap-
   pendix, pp. 18 and 19.)
4. SAME — CHARGE OF THE COURT.— The material questions of fact in
   this case being whether or not the sheep of the appellant were in-
   fected with "scab," and whether or not the appellant violated the
   act in relation thereto, the charge of the court should have submitted
   these issues to the jury.

APPEAL from the County Court of Atascosa. Tried
below before the Hon. H. L. HARRISON, County Judge.

The information charged the appellant with the viola-
tion of the act of March 25, 1875, entitled "An act to
protect the wool-growing interests of the State of Texas,"
by wilfully removing his sheep from prescribed limits
after notice that they were infected with scab. He was
tried, convicted, and a fine of $85 imposed by the jury.

A. W. McClure testified in substance, for the State, that
he was the legally elected and qualified inspector of sheep

for Atascosa county on the 15th day of December, 1879; that about one week previous to that day he was informed by M. C. Yates and C. O. McClure, two credible sheep-owners of the county of Atascosa, that they had applied to the defendant for permission to examine his herd of sheep then in that county, but had been refused. They requested the witness to inspect the defendant's herd, and upon their request the witness went to the defendant's herd on the said 15th day of December, and had the sheep penned and four of the sheep caught and brought to him. These he examined, and found to be infected with scab. He went through the rest of the flock, numbering about fifteen hundred, and noticed many others that were similarly affected. He thereupon notified the defendant that his sheep were so infected, and prescribed certain limits within which they were to be herded. This notice was given in writing, and it was produced in court, identified, and read in evidence. The witness qualified himself as an expert, and declared that the disease with which the sheep were infected was "scab."

This witness testified that on the 4th and 5th days of January, 1880, he saw the said sheep in the charge of herders, from three-quarters to a mile off the prescribed limits. When the witness gave the written notice spoken of, the defendant said angrily that there was no law in force authorizing the inspector to prescribe limits, etc., and the witness assured him that there was such law and proposed to show it to him. He then said to witness that he could not be kept off the International Railroad lands, and that if there was any law for the notice he would secure San Antonio lawyers and litigate it if necessary through the higher courts. Witness had never given the defendant a certificate that his sheep were cured.

M. C. Yates, for the State, testified that during the month of January, 1880, he saw the defendant's sheep on both sides of Salt Branch in charge of a Mexican

named Tobitia. He knew the sheep he saw were defendant's only by the Mexican telling him so. He had never previously seen the defendant's sheep that he knew of. McClure, being recalled by the State, stated that Salt Branch, where Yates saw the sheep as testified by him, was three quarters of a mile distant from the prescribed limits, and that the Mexican Tobitia was at that time herding sheep for defendant.

Harvey Troy, for the defense, testified that the defendant was his father. He and the Mexican Tobitia herded his father's sheep. The witness was with the sheep daily, and knew that they had not been across the prescribed limits, which comprised the "Palmer survey." In endeavoring to keep the sheep on the survey he was guided by two stakes indicating the lines.

A. M. Lewis testified that he and defendant were neighbors, and he saw defendant's sheep two or three times per week. He saw them on December 25, 1879, and did not think that they then had the "scab." The witness had sheep running with defendant's herd, and having heard that defendant's flock was infected with scab, went to his place to cut his out of the flock. He threw several of them, examined them, but found no scab. The witness was a sheep-owner.

Cross-examined, the witness did not claim to be an expert, and would not declare positively that defendant's sheep did not have the scab, but he did not think they were so infected.

*J. D. Morrison*, for the appellants.

*Horace Chilton*, Assistant Attorney General, and *H. M. Holmes*, for the State.

WINKLER, J. The appellant being prosecuted in the County Court by information for an alleged violation of certain provisions of the act of March 25, 1879, entitled

"An act to protect the wool-growing interests of the
State of Texas" (Appendix to Revised Statutes, 18), in-
terposed as a defense to the prosecution the following
plea of former acquittal, to wit: "And now comes the de-
fendant and says that heretofore, to wit, at the December
term, 1880, of the County Court of Atascosa county, he
has been tried by a court of competent jurisdiction,
under a good and sufficient information, of the offense
wherewith he is charged in the information exhibited
against him, because he says that the offense charged in
the information in case No. 63 on the docket of said court,
upon which he was tried and a verdict of not guilty ren-
dered by the jury, was a part and parcel of the same
transaction, identical in the period of time, place and
circumstance with the matter charged against him in the
information now exhibited; and this he verifies. Where-
fore he enters this his plea of *autrefois* acquit, and there-
fore prays judgment." The plea was signed by the
defendant, sworn to before the clerk, and filed.

The county attorney excepted to the defendant's plea
of former acquittal; which exception on argument the
court sustained and struck out the plea, and the defendant
excepted to the ruling. On the trial it became a question
whether the defendant's flock of sheep were infected with
a disease called scab, or not, and testimony was intro-
duced on both sides of the question. The court, at the re-
quest of the county attorney, gave certain instructions to
the jury which were excepted to by the defendant's
counsel, and especially the 4th clause of the charge, as
follows: "4th. The inspector of sheep may inspect any
flock of sheep in his county which he has information
from two or more credible sheep-owners is affected with
scab or any infectious or contagious disease, and if the in-
spector does his duty the validity of his acts are not im-
paired or destroyed because his informants may not have
complied with their duties under the law before they

notified the inspector." The defendant's counsel asked the court, among other things, to instruct the jury as follows: "If the jury believe from the evidence that the sheep of the said C. W. Troy did not have the scab, they will find him not guilty. If the jury believe from the evidence that the defendant did not wilfully violate the law in keeping his sheep in the limits prescribed by the inspector, you will find him not guilty." The court refused to give these instructions to the jury, and the defendant's counsel excepted to this action of the court.

We are of opinion that the court erred in sustaining the exceptions of the county attorney to the defendant's plea of former acquittal, and in striking out the plea. If the matters stated in the plea were true in fact, they would have constituted a bar to the present prosecution, and whether the first prosecution and the second were in fact for the same offense or not should have been submitted to the jury, in connection with the plea of not guilty, under proper instructions by the court.

The whole tenor of the act the defendant is charged with violating indicates very clearly that the main object sought to be attained by it was, as indicated by the title, to protect the wool-growing interests of the State in the counties not excluded from its operation, against scab or any other infectious or contagious disease. The disease the defendant's flock is charged to have been infected with is scab. The act provides for an inspector and prescribes his duties. Section 5 enacts that "whenever upon the examination and inspection, herein provided, of flocks herded or kept in the county, scab or any infectious or contagious disease is ascertained to exist in any flock, the inspector shall at once notify the owners or persons in charge thereof of said fact, and shall prescribe certain limits within which said flock shall be herded until cured."

In section 10 it is provided that "Any owner or person

in charge of sheep who shall wilfully and knowingly fail to comply with or violate any of the provisions of this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than ten nor more than one hundred dollars." A different section prescribes a different penalty to be imposed upon the inspector for failing in his dutise, but with this we have no concern at present. If, however, the sheep of the defendant were infected with the disease called scab, and he had been properly notified of that fact, and limits had been prescribed within which the sheep should be kept until cured, and the defendant had wilfully and knowingly violated the provisions of the act in the manner charged, then he would be guilty of a misdemeanor; but if not, then he would not be guilty. Hence, in our opinion, it was a material inquiry whether the defendant's flock of sheep had scab or not, and whether, this being the case, he had wilfully and knowingly failed of his duty in the premises; and the jury should have been so instructed in substance, as requested by the defendant's counsel.

Other questions are raised by the record and presented by bills of exception, which we have not taken time to consider at present, as they are not likely to arise upon another trial. For the errors pointed out herein, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*